# Charleston.

### JOSEPH BELCHER *vs.* WILLIAM GASTON *et al.*

#### January Term, 1871.

A justice has no jurisdiction under the 11th section of chapter 50, page 341, Code of West Virginia, to try actions for trespass to real estate in a case where the title to such real estate is drawn in question.

This suit began by a summons in trespass, for cutting and removing timber from the lands of the plaintiff, Joseph Belcher, by William Gaston and others, before a justice of Malden township, Kanawha county. The summons was dated in January, 1870.

Before the case was heard, the defendant made affidavit that "the title to real property would come in question" in the suit. The plaintiff filed a counter affidavit, averring that the title to real estate could not and would not come in question. Judgment, after the hearing of the case, was rendered for the plaintiff on the 15th of January, 1870. The defendants appealed to the circuit court of Kanawha county. The case was tried in that court in April, 1870, and the judgment from which this appeal is taken shows that, a jury was impanneled, "and after hearing the evidence in full, the court becoming satisfied that the title to real property is properly in question between the parties, and that the relation of landlord and tenant does not exist between them, the court is of opinion that the justice had

no jurisdiction of this action," and reversed the judgment with costs.

The plaintiff brought the case here for review.

*Smith* and *Knight* for the plaintiff in error.

*Miller* and *Quarrier* for the defendants in error.

BERKSHIRE, *President.*

The sole question we are required to consider in this case is, whether, under the 11th section of chapter 50 of the Code, page 341, a justice has jurisdiction to try actions for trespass to real estate, in a case where the *title* to such real estate is drawn in question. I think it very clear he has not. The first clause of the section which confers on him jurisdiction to try actions for trespass on real estate, is qualified and limited by the latter clause of the section which provides that the justice "shall not have jurisdiction of *any* suit in which the title to real estate is sought to be recovered, or is drawn in question, except," &c.

If this explicit language could leave any doubts as to the legislative intent, they must, it appears to me, be removed by a reference to the subsequent sections of this chapter. The 12th clause of the 50th section provides, that if the defendant in any action, claims that the title to real property will come in question in such action, and sets forth in his answer or defence, in writing, the matters of fact showing that such title will come in question, which answer shall be verified by affidavit, the justice, upon the filing of such answer, if he be of opinion that the facts therein stated show that the title to real property will come in question, shall dismiss the suit at the plaintiff's costs, unless he shall file an affidavit denying the truth of such facts, &c. And it is further provided that, if it shall appear *on the trial*, that the title to real estate is properly in question between the parties, and that the relation of landlord and tenant does not exist between them, the justice shall dismiss the action at the costs of the plaintiff, &c.

The sixty-third section, which provides for appeals from the judgments of a justice, gives *no* appeal in cases where the title to real estate is drawn in question, while an appeal in *all such cases* is provided by the eighth section of the sixth article of the constitution, to the supreme court of appeals. Construing these sections together, therefore, it seems to me there can be no shade of doubt that it was not the intention of the legislature to confer on the justices jurisdiction in cases like the one now under review.

I think the judgment of the circuit court is plainly right, and ought to be affirmed with costs and damages.

The other judges concurred.

JUDGMENT AFFIRMED.